cellor was not limited by the rule of his own court but was entitled to award a counsel fee to any "party obtaining the order or decree," and that the steel company as *cestui que trust* bearing the brunt of the litigation is such a party. It does not seem to be claimed that the act is mandatory.

We do not find it necessary to deal with these matters at length, because it is conceded that the counsel for the complainant below also represented the steel company and acted in its interest in the litigation, so that the award of counsel fee to the complainant was in effect an award to them for their services in protecting the interests of the steel company, the complainant having no direct interest in the matter. For this reason the refusal to award counsel fee to the steel company in addition was proper and should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—12.

*For reversal*—None.

---

CELIA BROOKS et al., complainants-respondents,

*v.*

ELIAS GOLDBERG, defendant-appellant.

[Submitted July 10th, 1916. Decided November 20th, 1916.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, who filed the following opinion:

The bill in this case is framed upon the theory that the defendant holds certain real estate and personal property in trust for the complainant Celia Brooks.

The facts are these: Marks Brooks was the owner of lands in Essex county which he caused to be conveyed to one Joseph Levy, of Brooklyn, as trustee for his wife, Celia. The bill alleges that the defendant, Goldberg, offered to loan Mrs. Brooks or her husband $2,000, less a bonus of $200, for the purpose of starting building operations upon one of the tracts, and that Goldberg insisted that as security to him for this advance of cash he should have the title conveyed to him, and that the whole transaction should be carried out in his name as if he were the true owner.

The evidence shows that in the course of time Levy came to Newark on two occasions, on the last of which he and his wife made a conveyance to Goldberg of the premises in question at the office of Greenfield, a lawyer, at which time there passed, according to some of the witnesses, the sum of $1,000 in cash, and, according to other witnesses, a check for $1,800, or thereabouts, to make it appear as if there was a consideration for the conveyance. The building operations were carried on apparently with a considerable degree of financial success, and the complainants now bring this suit for the purpose of having a declaration by the decree of this court that Goldberg holds the premises in question and certain personal property derived from the sale of portions of the realty as trustee for Mrs. Brooks and to have the trust determined and the property transferred to her. The answer denies the right of the complainant and asserts that Goldberg purchased the lands in question from Mrs. Brooks and paid her by means of money furnished by Greenfield in cash the sum of $1,000 for her equity in the premises.

At the hearing the additional defence was set up, viz., that at the time that Brooks conveyed the property to Levy in trust for Mrs. Brooks he was indebted to various creditors, and that the conveyance was made in fraud of the creditors, and, being so, the title could not be recovered from Goldberg. This defence does not appear in the answer, and, indeed, it would be, if it were there, entirely inconsistent with the defence that was interposed by that pleading. And further, while it appears that at the time the conveyance was made Brooks did owe persons who still stood to him in the relation of creditors, it likewise appears that he had settled all, or nearly all, the claims against him

which, if true, would purge the transaction of its original fraudulent character. Payment of the grantor's debts to the full value of the property purges the fraud. *Oriental Bank* v. *Haskins, 3 Metc. 332; Crowninshield* v. *Kittridge, 7 Metc. 520.* Besides the defendant by his answer attempts to purge himself of any fraud alleged in the transaction by stating that he was a holder for value and without notice of any circumstances which would charge him as *particeps criminis.* In my opinion, therefore, this oral defence has failed; and it must be determined from the evidence whether a meritorious cause of action has been presented by the bill and sustained by the proofs. I think it very doubtful whether in the face of the statute of frauds a trust can be declared because there was no note or writing to toll the statute. Neither does it appear that there is any trust *ex maleficio* or a trust that results from the act and operation of law. The evidence, however, in my opinion, will support a bill to redeem upon the theory that Goldberg loaned Mrs. Brooks $2,000 (less the bonus of $200) and took title to the property in question, the same to be held as collateral security for the payment of the debt.

The transaction was either a loan of money with the real estate as security, as is alleged by the complainants, or it was an out and out sale by Brooks and wife to Goldberg, as is claimed by the defendant. I incline to the belief that the truth lies with the complainant. The evidence on the part of the defendant on this point was principally given by Greenfield, the lawyer. It was equivocal, evasive, uncertain and unsatisfactory in the highest degree, and, as compared with the evidence of the complainants, failed to impress one. I was much impressed with the evidence of Levy and his wife, who are wholly disinterested witnesses. They testified to the facts concerning the conveyance to Goldberg, but the evidence of the contractors for some of the work on the buildings which were erected in Goldberg's name clinch the matter, so that in my opinion it is beyond question. Two at least of these contractors testified that Goldberg said to them, in effect, that he wanted a commission out of their contract moneys, for the reason that the property belonged to the

Brooks, and that such commission was the only thing that he could get out of it.

My conclusion, therefore, on the facts as proved is that the real estate in question, and such personal property as Goldberg derived from the sale of the real estate, should be made subject to redemption by Mrs. Brooks upon payment to Goldberg of whatever moneys were advanced by him over and above the amount in which he has reimbursed himself. This will require an accounting, and the matter will be referred to a master to ascertain the state of the account between the parties.

This view of the case renders it necessary that at least the prayer of the bill should be amended to make it conform to what I conceive the true position of the complainants is, and it may be that the same amendment will have to be made to the stating part of the bill. I will hear counsel on this point at the time of settling the decree.

*Mr. William L. Brunyate,* for the respondents.

*Mr. Philip J. Schotland,* for the appellant.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Howell.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—14.

*For reversal*—None.